IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HAWAN CAMPBELL,

  Petitioner,

v.

UNITED STATES OF AMERICA,

  Respondent.

Civil Action No.: BAH-24-1937

## MEMORANDUM OPINION

Hawan Campbell ("Campbell") filed a document titled "Defendant['s] First Motion for Compassionate Release and a Reduction of Sentence in Federal Court Under H.R. 5682. 115th. Congress and the First Step Act and Amendment § 814. Section U.S.S.G. 1B1.13.(5) and (6)." ECF 1. Campbell seeks to be released from custody pursuant to the First Step Act's Compassionate Release, 18 U.S.C. § 3582. ECF 1. Campbell was arrested by the United States Navy for first-degree murder and was court-martialed after his arrest in Hawaii. *Id.* at 2. Currently Campbell asserts that he has served twenty-three (23) years of a life sentence with the possibility of parole and is confined in Federal Correctional Institution in Pekin, Illinois. *Id.* at 1. The United States Parole Commission, headquartered in Washington D.C., held hearings for consideration of Campbell's parole every 18 months until 2022 when the United States Navy resumed jurisdiction over Campbell's annual parole hearings. *Id.* at 2. The United States Navy is headquartered at the Pentagon in Arlington County, Virginia.

It is unclear why Campbell has filed this action in this Court. If construed as a petition for writ of habeas corpus, jurisdiction lies with the United States District Court in Illinois where Campbell is incarcerated. *See* 28 U.S.C. § 2241(a). However, as a petition for writ of habeas

corpus, Campbell has not demonstrated an entitlement to the relief requested. To be entitled to habeas relief, a petition filed pursuant to 28 U.S.C. § 2241 must be filed by a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under well-established law, prisoners do not have a constitutionally protected liberty interest in the expectation of release on parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U.S. 14, 18 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest). As a petition for writ of habeas corpus, Campbell's claim fails.

If construed as a petition for writ of mandamus, Campbell's claim also fails. Under 28 U.S.C. § 1361 the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. In order to meet the requirements for mandamus relief, a petitioner must show: that he has the clear legal right to the relief sought; that the respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available. *See In re First Fed. Savings and Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *Asare v. Ferro*, 999 F. Supp. 657, 659 (D. Md. 1998). The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See Nat'l Ass'n of Gov't Emps. v. Fed. Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). Further, the issuance of a writ of mandamus under § 1361 is an extraordinary remedy and is a matter of judicial discretion. *See Carter v. Seamans,* 411 F.2d 767, 773 (5th Cir. 1969) (citations omitted). Even if the three prerequisite elements are satisfied, the mandamus remedy lies within the discretion of the trial court. *See Or. Nat. Resource Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir. 1995). Thus, mandamus cannot be used to compel the performance of discretionary duties

of federal government officers but will lie only to compel ministerial acts. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D. Md. 1975). A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *See Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

Here, Campbell asserts he is entitled to compassionate release under the First Step Act because his life sentence is "unusually long" in light of the fact he had never been in prison before. ECF 1, at 4. The First Step Act allows a prisoner to move for a sentence reduction when "extraordinary and compelling reasons warrant" the reduction and is often referred to as compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Extraordinary and compelling reasons have been defined to mean "some extraordinary severe exigency not foreseeable at the time of sentencing, and unique to the life of the prisoner." *United States v. Excajeda*, 58 F.4th 184, 186 (5th Cir. 2023). Further, modification of an imposed term of imprisonment is only available under limited circumstances:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). Campbell's petition does not include any allegations that he has exhausted all administrative rights to appeal a failure by the Bureau of Prisons to bring a motion on his behalf. He has therefore failed to provide sufficient information that demonstrates that he is entitled to a writ of mandamus.

The petition will be dismissed without prejudice because this Court does not have jurisdiction over the proper Respondent and, on its face, the petition does not state a viable claim for mandamus relief.

A separate Order follows.

<u>July 25, 2024</u>                                              <u>            /s/            </u>
Date                                                          Brendan A. Hurson
                                                              United States District Judge